

# Fourth Court of Appeals
## San Antonio, Texas

October 19, 2015

No. 04-15-00232-CR

David Diaz **DIAZ,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR3519
Honorable Lori I. Valenzuela, Judge Presiding

## O R D E R

Appellant's brief was originally due on June 19, 2015. On June 22, 2015, the Clerk of this Court notified appellant's attorney that appellant's brief was late. On July 2, 2015, appellant filed a motion for extension of time. We granted the motion and ordered appellant to file his brief on or before August 3, 2015. On August 19, 2015, appellant filed another motion for extension of time to file his brief. We again granted the motion and ordered appellant to file his brief by September 18, 2015. We explained that no further extensions would be granted. Despite this warning, appellant filed another motion for extension of time to file his brief. Although we granted the motion, we stated that if appellant's brief was not filed by October 9, 2015, we would abate this appeal to the trial court for an abandonment hearing. *See* TEX. R. APP. P. 38.8(b)(2). We also warned that contempt proceedings could be initiated against appellant's attorney. We received no response.

Therefore, pursuant to Texas Rule of Appellate Procedure 38.8(b)(2), we abate this case to the trial court and ORDER the trial court to conduct a hearing to answer the following questions:

(1) Does appellant desire to prosecute his appeal?

(2) Is appellant indigent?

(a) If appellant is indigent, the trial court shall take such measures as may be necessary to assure the effective assistance of counsel, which may include the appointment of new counsel.

(b) If the trial court finds that appellant is not indigent, the trial court should determine whether appellant has made the necessary arrangements for filing a brief.

(3) Has appointed or retained counsel abandoned the appeal? <u>Because initiating contempt proceedings against appellant's counsel may be necessary, the trial court should address this issue even if new counsel is retained or substituted before the date of the hearing.</u> *See* TEX. R. APP. P. 38.8 (b)(4).

The trial court may, in its discretion, receive evidence on the first two questions by sworn affidavit from appellant. The trial court shall, however, order appellant's counsel to be present at the hearing.

We ORDER the trial court to file its written findings of fact and conclusions of law with the trial court clerk no later than thirty days from the date of this order. We ORDER the trial court clerk to file a supplemental clerk's record in this court no later than ten days after the trial court files its findings of facts and conclusions of law. We further ORDER the court reporter to file in this court a supplemental reporter's record of the hearing, along with copies of any documentary evidence admitted, no later than twenty days after the date of the hearing.

All appellate deadlines are ABATED pending further orders from this court.

_____
Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 19th day of October, 2015.

_____
Keith E. Hottle
Clerk of Court